BERRY, ADMR., v. HAAS ET AL.

1. H. owned property worth $8,000, upon which there were incumbrances of $6,400, and being indebted to his son $1,200, he deeded the property to the son who assumed the incumbrances, H. retaining a life estate. *Held,* The reservation of the life estate, under the circumstances, was a constructive fraud upon creditors of H.

HAYNES, J.

The case of *Stephen Berry, Administrator,* v. *Jacob Haas et al.,* comes into this court by appeal from the court of common pleas.

It appears from the pleadings and the evidence that in the year 1893 Jacob Haas was the owner of two pieces of property in Sherman township, this county, in the whole about 214 acres. He was then living on the premises and had resided upon them for a great many years. There was existing at that time upon the premises three mortgages aggregating in amount about $6,400, which was due and unpaid, but upon it he had been paying the interest. He also owed at the same time some unsecured debts, to quite a little sum, perhaps two or three thousand dollars. He also had personal property on his premises amounting perhaps to eight or nine hundred dollars. He had a son living with him that was about thirty-two years of age and the son had married the year previous.

In the year 1893, Jacob Haas conveyed to this son, Joseph Haas by name, the two pieces of land subject to a life estate in himself in the whole property. The son took the land subject to the mortgages and was to pay them off. The consideration mentioned in the deed was the sum of thirteen thousand dollars. The testimony shows that at the time the land was bought in 1866 by Jacob Haas, the consideration for the land was about thirteen thousand dollars, and was so stated in this deed. It is claimed that in truth and in fact the consideration of the deed to the son was in payment for certain services that had been rendered by the son to the father. It appears from the testimony that shortly before this—perhaps it was originally a part of the same transaction—the personal property had been conveyed to the son for the sum of eight hundred dollars and was paid for out of this same indebtedness that is claimed, forms the consideration for the deed.

The proof is that when this young man became of age, the father desired him to remain with him and work for him and agreed with him that he should have the sum of $200 a year for his services. The understanding was that the father should buy the clothing for the young man and should board him, the clothing, however, being a very small item. He also gave him a dollar or so occasionally to go to some party.

The claim is that at the time of the marriage of the son, this matter was talked over, and at the time this conveyance was made, that there was due from the father to the son the sum of ten years' service at $200 a year, being a total amount of $2,000. No notes had ever been given or demanded for the money, and no interest paid, and the claim is that the real consideration for these premises is the balance that is due on this $2,000 after taking out the eight hundred dollars, which would leave about $1,200.

Testimony has been offered as to the value of these premises. Some. of the witnesses have estimated the premises worth from $40 to $50 an acre, and some of the defendant's witnesses have estimated them worth from $35 to $40 an acre. Perhaps a fair estimate of the cash value of the real estate at the time of this transaction would be the sum of $40 an acre.

The stepmother of the son at first declined to sign the deed until some arrangement was made in regard to her dower interest in the real estate. She withheld her signature some ten or twelve days, during which time an arrangement was effected between the stepmother and Joseph whereby he agreed to pay her after the death of his father the sum of $100 a year during her life in consideration of her signing that deed, as the release of her dower interest.

The plaintiff, Stephen Berry, administrator, is one of the creditors of Jacob Haas, and prior to the commencement of this suit put his claim in judgment, and execution was issued and a levy was made upon this farm—that is to say, upon the interest of Jacob Haas in the premises. Thereupon, this petition was filed to marshal liens upon the property and to declare this deed invalid as to plaintiff and a fraud upon the creditors. It is brought under that section of the statute which provides for creditors' bills, under section 6234 for declaring a trust upon the premises.

Testimony has been taken and the case has been argued to the court and the claim is strenuously made that the transfer was made for the purpose of defeating and defrauding the creditors of Jacob Haas of whom there were five having debts of four or five hundred dollars apiece.

We have given this matter careful attention and have arrived at this conclusion: Premising by saying, that in any order that the court may make, the question arises in this case as to the value of the life estate of Jacob Haas; also the question arises as to the dower interest of Mrs. Haas, and the question as to the lien or claim of Joseph Haas for the amount of his service for the thousand or twelve hundred dollars.

The life estate is subject to be defeated at any time by the foreclosing of the mortgages on this property, and by the foreclosing of the mortgages upon the property in like manner to a certain extent, the inchoate right of dower of the wife is jeopardized; although, if there is money enough left from the sale of the property after the payment of mortgage lien, the claim is made and perhaps sustained by the courts, that she would be entitled to compensation out of the proceeds for her whole dower interest. We do not decide this question, however. We intend to leave that open for the further action of the court.

Our purpose is to find that this judgment creditor has his judgment lien and his levy which is perhaps not disputed; and to find that the transfer of this property by this deed, leaving the life estate of Jacob Haas, under the facts in this case, amounts to a constructive fraud. We find no actual fraud in this matter as between Jacob Haas and Joseph Haas; but we do find that the reservation of the life estate to Jacob Haas whereby he retains and has the use of that property during his natural life, is a constructive fraud upon his creditors, and the decree of the court is simply that the property be ordered sold and the proceeds brought into this court and we will then be able to more clearly and correctly fix the respective rights of these parties out of the proceeds of this sale.

It can be found also, for the purpose of saving any rights, that these mortgagees have liens as set up in their respective answers, and if the creditors have judgments and have made levies upon this property, even though they made them after the commencement of this suit, we think they ought to be allowed to come in and set up their liens as against this property.